UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL KRISTOF LAK, | Case No. SACV 17-1527-PSG (KK) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| CALIFORNIA DEPARTMENT OF CHILD SUPPORT SERVICES, et al., | |
| Defendants. | |

## I.

## **INTRODUCTION**

Plaintiff Daniel Kristof Lak ("Plaintiff"), proceeding pro se and in forma pauperis, filed a Complaint alleging violation of 42 U.S.C. § 1983 as well as various federal and state laws. As discussed below, the Court dismisses the Complaint with leave to amend.

## II.

## **PROCEDURAL HISTORY**

On September 5, 2017, Plaintiff filed the Complaint against defendants California Department of Child Support Services ("DCSS"), DCSS County of Orange ("DCSS Orange"), Steven Eldred in his individual and official capacities

(collectively, "Defendants"), and Does 1 through 20.[1]  ECF Docket No. ("Dkt.")
1, Compl. at 1.  The Complaint sets forth fourteen causes of action.  Id. at 1-2.

Plaintiff alleges two "Civil Rights" claims for violation of due process
pursuant 42 U.S.C. § 1983 ("Section 1983") for not providing prior notice and
opportunity to respond, and racial discrimination pursuant 42 U.S.C. § 2000d
(Title VI of the Civil Rights Act of 1964) based on denial of benefits.  Id. at 1, 25-30.

Plaintiff alleges three claims under Title IV-Part D of the Social Security Act
that enforces child support payments for violations of 42 U.S.C. § 629a(a)(2)(B),
42 U.S.C. § 666(a)(7), and 42 U.S.C. § 666(a)(10).[2]  Id. at 1, 30-37.

Plaintiff alleges two federal criminal claims for "Mail Fraud" under 18
U.S.C. § 1341, and "Violations of the Racketeer Influenced and Corrupt
Organizations Act (RICO) pursuant to 18 U.S.C. §§ 1961-1968" based on placing
"fraudulent correspondence" in the mail.  Id. at 1, 39-41.

Plaintiff alleges the following seven state claims: "Fraud" under Section
3294 of the California Civil Code; "Defamation" under Section 44(a) of the
California Civil Code; intentional infliction of emotional distress; malicious
prosecution; intentional interference with contractual relations; negligent

---

[1]     Although the use of Doe defendants is not favored in the Ninth Circuit, the
plaintiff should be given an opportunity through discovery to identify them where
the identity of alleged defendants cannot be known prior to the filing of a
complaint.  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  However,
even as to Doe defendants, a plaintiff must allege sufficient facts to state a claim to
survive dismissal on the pleadings.  See Wilson v. Fla. Dep't of Revenue, No. 14-
CV-04726-JCS, 2015 WL 136557, at *11 (N.D. Cal. Jan. 8, 2015) (recognizing
plaintiffs should generally be permitted to pursue discovery to identify Doe
defendants but dismissing Doe defendants for failure to state a claim because they
were only named in the caption, and the court had "no clue why the John Does are
being named as defendants" (citing Lopez v. Bank of Am., 2011 WL 1134671, at *3
(E.D. Cal. Mar. 28, 2011))).  Here, Plaintiff fails to allege any wrongful actions of
any specific Doe defendant.  Therefore, all claims against Doe defendants are
subject to dismissal.

[2]     Throughout the Complaint, Plaintiff erroneously cites to 42 U.S.C. §
629(a)(2)(B), 42 U.S.C. § 666 (7), and 42 U.S.C. § 666 (10), which appear to refer
to 42 U.S.C. § 629a(a)(2)(B), 42 U.S.C. § 666(a)(7)(B), and 42 U.S.C. §
666(a)(10) respectively.

interference with prospective economic relations; and negligence.  <u>Id.</u> at 1-2, 37-39, 41-49.

### III.
### <u>ALLEGATIONS IN COMPLAINT</u>

Plaintiff alleges that beginning in May 2010 Defendants continuously and intentionally enforced incorrect child and spousal support orders, despite court orders modifying his amount of support.  <u>Id.</u> ¶¶ 16, 39, 52, 64, 100.  Plaintiff claims Defendants falsely levied Plaintiff's personal checking accounts, and wrongfully took amounts from his Social Security Disability Income on multiple occasions.  <u>Id.</u> ¶¶ 29-30, 47, 98-99.  Plaintiff alleges DCSS denied him benefits on the basis of his status as a Caucasian male.  <u>Id.</u> ¶¶ 26-27, 140.

Plaintiff alleges Defendants "continually and arbitrarily suspended" Plaintiff's driver's license and California State Bar ("State Bar") licenses based on incorrect support orders and false information without prior notice or opportunity to be heard.  <u>Id.</u> ¶¶ 27-28, 49, 75, 127.  Plaintiff alleges each time the Department of Motor Vehicles ("DMV") or State Bar notified him of his licenses' suspensions, Defendants "force[d] Plaintiff to sign an increased support amount in order to get his licenses back."  <u>Id.</u> ¶ 128.  Plaintiff claims his State Bar license was "suspended over 20 times for non-payment of child support" through Defendants' "false[] notif[ications] . . . that Plaintiff [wa]s delinquent on his child support obligations."  <u>Id.</u> ¶¶ 135-37.

Plaintiff alleges as a result of Defendants' wrongful actions, Plaintiff lost his home, car, driver's license, and State Bar license, thereby "preventing him from earning a living" and "result[ing] in Plaintiff becoming homeless, living in the streets, suffering from severe depression, anxiety, and [Post-Traumatic Stress Disorder] PTSD."  <u>Id.</u> ¶¶ 10-11, 13-15, 78, 87, 125-26, 139, 153, 175.

As a result of these claims, Plaintiff seeks actual and compensatory damages, punitive damages, and a protective order preventing Defendant from "further

3

harassing Plaintiff with unjustified collection activity, making any defamatory statements" including, statements of Plaintiff's "alleged support delinquency status" to the DMV, State Bar, various credit reporting agencies, and Plaintiff's future employers "without a finding of substantial justification" before an appointed Special Master.  Id. ¶¶ 261-64.  Plaintiff also seeks an order "directing Defendant to immediately retract and correct any previously made defamatory statements" regarding Plaintiff including, statements made to the DMV, the State Bar, and various credit reporting agencies.  Id. ¶ 265.  Plaintiff further seeks an order for a "full and comprehensive audit, by a tribunal of competent jurisdiction (i.e., the Department of Justice), of Defendant's policies, procedures, and practices" within the past ten years.  Id. ¶ 266.

## IV.

## STANDARD OF REVIEW

As Plaintiff is proceeding in forma pauperis, the Court must screen the Complaint and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).  Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a

4

cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and the Court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103,

1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

**V.**

**DISCUSSION**

**A.    THE ELEVENTH AMENDMENT BARS ALL CLAIMS AGAINST DEFENDANT DCSS**

**(1)    Applicable Law**

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984)). "[A]n entity with Eleventh Amendment immunity is not a 'person' within the meaning of § 1983." Howlett By & Through Howlett v. Rose, 496 U.S. 356, 365, 110 S. Ct. 2430, 110 L. Ed. 2d 332 (1990). This jurisdictional bar includes "suits naming state agencies and departments as defendants," and it applies whether plaintiffs "seek damages or injunctive relief." Id.; Pennhurst State Sch., 465 U.S. at 102. Under the Eleventh Amendment, private parties may not sue state officials in their official capacities in federal court on the basis of state law. Pennhurst State Sch., 465 U.S. at 106 ("[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law."). As to state claims, for sovereign immunity purposes, it is irrelevant whether plaintiff's state law claims to relief are "prospective or retroactive." Id.

**(2)    Analysis**

Here, Plaintiff attempts to sue DCSS. However, DCSS is an agency of the State of California entitled to sovereign immunity under the Eleventh Amendment. See Allison v. Cal. Adult Auth., 419 F.2d 822, 822–23 (9th Cir. 1969); see also

6

Greenlaw v. Cty. of Santa Clara, 125 Fed App'x 809, 810 (9th Cir. 2005)[3] ("[T]he California Department of Child Support Services . . . [is] a state agency entitled to sovereign immunity under the Eleventh Amendment." (citing In re Pegasus Gold Corp., 394 F.3d 1189, 1191 (9th Cir. 2005))).  Thus, Plaintiff is barred from bringing any claims against defendant DCSS.

## B.  PLAINTIFF FAILS TO COMPLY WITH THE PLEADING REQUIREMENTS OF RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE

### (1)  Applicable Law

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(a), (d).  "[T]he 'short and plain statement' must provide the defendant with 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'"  Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005).  "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice."  Bautista v. Los Angeles Cty., 216 F.3d 837, 841 (9th Cir. 2000).

A complaint may be dismissed for violating Rule 8 even if "a few possible claims" can be identified and the complaint is not "wholly without merit."  McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (stating Rule 8's requirements apply "to good claims as well as bad"); see also Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011) (discussing cases

---

[3]     The Court may cite to unpublished Ninth Circuit opinions issued on or after January 1, 2007.  U.S. Ct. App. 9th Cir. R. 36-3(b); Fed. R. App. P. 32.1(a).

Ninth Circuit affirmed Rule 8 dismissals); Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1130-31 (9th Cir. 2008) (same).

As the Supreme Court has held, Rule 8(a) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 n.3, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Plaintiff's complaint must contain enough facts to "state a claim to relief that is plausible on its face," allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

**(2)    Analysis**

Here, Plaintiff sues DCSS Orange as a "governmental agen[cy] charged with the enforcement of child support obligations," and sues defendant Eldred for "acting under color of law as [d]efendant [Eldred] is employed by, and is Director of, the governmental agency charged with the enforcement of child support obligations in the State of California and is organized under the laws of the State of California." Compl., ¶¶ 5-6, 8. However, Plaintiff refers to all defendants collectively for each claim rather than presenting facts linking DCSS Orange and defendant Eldred to specific claims.

Plaintiff fails to allege specific facts linking DCSS Orange and defendant Eldred's involvement to any claim. Plaintiff's complaint does not contain facts that "plausibl[y]" state and "reasonabl[y] infer[]" DCSS Orange and defendant Eldred are liable. See Iqbal, 556 U.S. at 676. Absent specific allegations identifying what actions each defendant took against Plaintiff and how such action violated Plaintiff's rights, the Complaint fails to provide Defendants with fair notice of Plaintiff's claims or the grounds upon which they rest. See Starr, 652 F.3d at 1216 ("[T]he allegations . . . must give fair notice and . . . enable the opposing party to defend itself effectively.").

Accordingly, Plaintiff fails to state any claim against DCSS Orange and defendant Eldred. If Plaintiff chooses to amend the Complaint, Plaintiff must

8

identify specific defendants for each claim, instead of referring to all defendants collectively for each claim. Plaintiff should clearly state (1) the alleged harm; (2) who caused the alleged harm; (3) when the alleged harm was committed; and (4) what actions were committed by each alleged wrongdoer.

## C.  PLAINTIFF FAILS TO STATE A DUE PROCESS VIOLATION CLAIM UNDER 42 U.S.C. § 1983

### (1)  Plaintiff Fails to Allege a Violation of Due Process

#### (a) Applicable Law – Due Process

A plaintiff seeking to state a claim for civil rights violations under Section 1983 "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

The Due Process Clause of the Fourteenth Amendment protects individuals against deprivations of "life, liberty, or property." U.S. Const. amend. XIV, § 1. "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 162 L. Ed. 2d 174 (2005) (citation omitted).

A procedural due process claim requires plaintiff to establish "two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." Brewster v. Bd. of Educ., 149 F.3d 971, 982 (9th Cir. 1998). With respect to the first element, Plaintiff must specifically identify a liberty interest protected by the Due Process Clause, otherwise his claim shall be dismissed. Nunez v. City of L.A., 147 F.3d 867, 871 (9th Cir. 1998). With respect to the second element, the failure to follow mandatory procedures does not by itself offend the constitution. See Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993). Rather, there must be allegations that

the procedures themselves were inadequate to protect a valid liberty interest.  See Buckley v. Gomez, 36 F. Supp. 2d 1216, 1222 (S.D. Cal. 1997), aff'd, 168 F.3d 498 (9th Cir. 1999).

### (b) Analysis – Due Process

Here, Plaintiff fails to state a Section 1983 claim because Plaintiff does not allege a constitutional violation.  Plaintiff claims a violation under Section 1983 for "deprivation of procedural due process as Defendant (i) acted 'under color law,' (ii) depriving Plaintiff of life, liberty, and property, (iii) without due process of law."  Compl. ¶ 145.  Plaintiff claims his driver's license and State Bar license were suspended without procedural due process.  Id. ¶¶ 152-54, 159.  However, as set forth below, neither license constitutes a protected interest.[4]

First, "[t]here is no substantive constitutional right to drive a vehicle." Darkins v. Snowden, No. CV 13-3831-JLS MAN, 2013 WL 5530977, at *7 (C.D. Cal. Oct. 1, 2013), aff'd, 649 F. App'x 492 (9th Cir. 2016)).  States have a paramount interest in highway safety and may suspend or revoke a driver's license without due process.  See Dixon v. Love, 431 U.S. 105, 115 (1977) (holding state statute allowing summary suspension of driver's license was constitutional with availability of a postsuspension hearing).  In addition, Plaintiff does not allege the unavailability of a postdeprivation hearing.

Second, Plaintiff claims he "wrongfully had his California State Bar license suspended on numerous occasions, preventing him from earning a living from the

---

[4]     The Court additionally notes a causation issue in Plaintiff's claim of defendant DCSS Orange and defendant Eldred suspending Plaintiff's driver's license and State Bar license.  See Alvarez v. Sonoma Cty., No. C-12-5606 EMC, 2013 WL 4733822, at *4 n.2 (N.D. Cal. Sept. 3, 2013) ("'[T]here was a proximate cause problem with [plaintiff]'s attempt to attribute the suspension of [plaintiff]'s driver's license to the Division of Child Support Services. . . . [E]ven if [defendant] had played a role in the suspension of the license, 'there [we]re insufficient allegations to establish that [defendant's] actions were a proximate cause of the suspension of his license' [because] '[a]t the hearing, [defendant] explicitly stated that a late payment would not automatically result in a suspension of a license [but] [r]ather, a hearing would be held by the [DMV] which would then make a determination as to whether there should be a suspension.'").

practice of law, [and] has wrongfully had his California driver's license suspended on numerous occasions further preventing Plaintiff from being able to earn a living . . . ." Compl. ¶ 125. However, "government action that 'affects only economic interests' does not implicate fundamental rights." Samson v. City of Bainbridge Island, 683 F.3d 1051, 1058 (9th Cir. 2012).

Further, even assuming Plaintiff identified a protected interest, Plaintiff fails to allege a denial of adequate procedural protections. Notably, there are established procedures prior to suspending a driver's license or State Bar license. See Cal. Fam. Code § 17520;[5] see also Scheer v. Kelly, 817 F.3d 1183, 1189 (9th Cir. 2016) ("[The Ninth Circuit has] previously held that '[t]he state of California

---

[5] Section 17520 of the California Family Code provides procedural guidelines in suspending licenses for both "membership in the State Bar, and . . . . any driver's license issued by the [DMV]" due to noncompliance with child or family support orders. Cal. Fam. Code § 17520(a)(5). Section 17520 provides the following procedures:

(e)(1) . . . The board shall have the authority to withhold issuance or renewal of the license of an applicant on the list.

(2) If an applicant is on the list [for not complying with a child support order or judgment], the board shall immediately serve notice [personally or by mail] . . . on the applicant of the board's intent to withhold issuance or renewal of the license.

. . . .

(f)(2) [T]he notice shall inform the licensee that his . . . license will continue in its existing status for no more than 150 calendar days from the date of mailing or service of the notice and thereafter will be suspended indefinitely unless, during the 150-day notice period, the board has received a release from the local child support agency that submitted the name on the certified list. . . .

. . . .

(h) If the applicant wishes to challenge the submission of his . . . name on the certified list, the applicant shall make a timely written request for review to the local child support agency who certified the applicant's name. . . .

. . . .

(i) An applicant is required to act with diligence in responding to notices from the board and the local child support agency with the recognition that . . . the license suspension will go into effect after 150 days and that the local child support agency and, where appropriate, the court must have time to act within that period. . . .

Cal. Fam. Code § 17520.

provides attorneys subject to discipline with more than constitutionally sufficient procedural due process.'").

To the extent Plaintiff alleges deprivation of incorrect amounts of money for his child and spousal support, there are established procedures allowing post-deprivation remedies.  See Cal. Fam. Code § 17526(c) ("Any party to an action involving child support enforcement services of the local child support agency may request a judicial determination of arrearages."); Banks v. Cty. of Alameda, Case No. 14-CV-00482-WHO, 2014 WL 1651941, at *3–4 (N.D. Cal. Apr. 23, 2014) (dismissing due process claim because California Family Code Section 17526(c) provided adequate post-deprivation remedy for county's allegedly improper determination of child support arrearage); see also Savin v. Savin, No. EDCV 14-1180-SJO (E), 2015 WL 3619184, at *14 (C.D. Cal. May 5, 2015) ("Plaintiffs fail to demonstrate the absence of a state court remedy . . . .  Under these circumstances, Plaintiffs have failed to produce evidence . . . on their procedural due process claims concerning the allegedly false arrearages and allegedly unjustified litigation positions . . . ."), report and recommendation adopted, 2015 WL 3618166 (C.D. Cal. June 8, 2015).

Finally, to the extent Plaintiff claims such procedures were not followed, a failure to comply with such a procedure alone does not establish a due process violation.  See Noonan, 992 F.2d at 989; Buckley, 36 F. Supp. 2d at 1222 ("A defendant's negligent or intentional failure to follow proper procedures does not constitute a constitutional deprivation.").  Accordingly, Plaintiff's due process claim under Section 1983 is subject to dismissal.

### (2) Plaintiff Fails to State a Section 1983 Claim Against Defendant DCSS Orange and Defendant Eldred in His Official Capacity

#### (a) Applicable Law – Official Capacity

An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."  Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099,

87 L. Ed. 2d 114 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); Larez v. City of L.A., 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166.

To state a cognizable constitutional claim against a state officer in their official capacity, the plaintiff must demonstrate that a "policy or custom" of the governmental entity of which the official is an agent was the "moving force" behind the constitutional violation. Graham, 473 U.S. at 166. Because no respondeat superior liability exists under Section 1983, a municipality is liable only for injuries that arise from an official policy or longstanding custom. Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); see also City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989) ("A municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation.'").

A plaintiff must show "that a [municipal] employee committed the alleged constitutional violation pursuant to a formal governmental policy or a 'longstanding practice or custom which constitutes the "standard operating procedure" of the local governmental entity.'" Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992). Proof of random acts or isolated events is insufficient to establish a custom or practice. Thompson v. City of L.A., 885 F.2d 1439, 1444 (9th Cir. 1989). Rather, a plaintiff must prove widespread, systematic constitutional violations which have become the force of law. Board of Cty. Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 404, 117 S. Ct. 1382, 1388, 137 L. Ed. 2d 626 (1997). In addition, a plaintiff must allege the policy was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

///

///

**(b)    Analysis – Official Capacity**

Here, Plaintiff does not allege any facts showing defendant DCSS Orange's "policy or custom" was the "moving force" behind any constitutional violation. Graham, 473 U.S. at 166; see also Harris, 489 U.S. 378. In fact, Plaintiff does not identify any "formal governmental policy or a 'longstanding practice or custom'" pursuant to which defendant DCSS Orange or defendant Eldred acted. Gillette, 979 F.2d at 1346. In addition, Plaintiff's conclusory allegations are insufficient for purposes of stating a valid claim. Young v. City of Visalia, 687 F. Supp. 2d 1141, 1150 (E.D. Cal. 2009); see also Iqbal, 556 U.S. at 679. Therefore, Plaintiff fails to state a constitutional violation claim against DCSS Orange and defendant Eldred in his official capacity. Accordingly, Plaintiff's Section 1983 claim against DCSS Orange and defendant Eldred in his official capacity must be dismissed.[6]

**(3)    Plaintiff Fails to State a Section 1983 Claim Against Defendant Eldred in His Individual Capacity**

**(a) Applicable Law – Individual Capacity**

"In order for a person acting under color of state law to be liable under [S]ection 1983 there must be a showing of personal participation in the alleged rights deprivation; there is no respondeat superior liability under [S]ection 1983." Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). A plaintiff must present facts showing individual defendants were directly and personally involved in inflicting the alleged constitutional injury. See Iqbal, 556 U.S. at 676 ("[A] plaintiff must

---

[6]    Plaintiff does not meet the "policy or custom" requirement, hence, any claim for relief fails. See L.A. Cty. v. Humphries, 562 U.S 29, 36-37, 131 S. Ct. 447, 452, 178 L. Ed. 2d 460 (2010); id. at 39 ("Monell's 'policy or custom' requirement applies in § 1983 cases irrespective of whether the relief sought is monetary or prospective."); L.A. Police Protective League v. Gates, 995 F.2d 1469, 1472 n.1 (9th Cir. 1993).

Furthermore, Plaintiff's claim for punitive damages against defendant DCSS Orange and defendant Eldred in his official capacity is barred because municipal governments have immunity to claims for punitive damages. City of Newport v. Fact Concerts, 453 U.S. 247 (1981).

plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

### (b) Analysis – Individual Capacity

Here, Plaintiff sues defendant Eldred in his individual capacity for "acting under color of law." Compl. ¶ 8. However, Plaintiff fails to present any facts which would support his allegation that defendant Eldred was directly or personally involved in violating Plaintiff's constitutional rights. See Iqbal, 556 U.S. at 676; Jones, 297 F.3d at 934; see also Gray v. Hernandez, 651 F. Supp. 2d 1167, 1179 (S.D. Cal. 2009) ("Plaintiff must show [defendant] was personally involved in the constitutional violation, or a significant causal connection between his wrongful conduct and the constitutional violations."). Plaintiff's Complaint does not contain any facts that "plausibl[y]" state and "reasonabl[y] infer[]" defendant Eldred is personally liable. See Iqbal, 556 U.S. at 676. Therefore, Plaintiff fails to state a claim against defendant Eldred in his individual capacity. Accordingly, Plaintiff's Section 1983 claim against defendant Eldred in his individual capacity must be dismissed.

**D. PLAINTIFF FAILS TO STATE A CIVIL RIGHTS CLAIM UNDER 42 U.S.C. § 2000d**

**(1) Applicable Law**

Title VI of the Civil Rights Act of 1964 provides "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. To state a claim for damages under 42 U.S.C. § 2000d, plaintiff must allege that (1) the entity involved is engaging in racial discrimination; and (2) the entity involved is receiving federal financial assistance." Fobbs v. Holy Cross Health Sys. Corp., 29 F.3d 1439, 1447 (9th Cir. 1994), overruled on other grounds by Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131 (9th Cir. 2001).

### (2) Analysis

Here, Plaintiff fails to state a claim for a violation of Title VI, 42 U.S.C. § 2000d. Plaintiff states California "receives federal funding" and adds "Plaintiff is a Caucasian male and has been denied the benefits of, and has been subjected to discrimination under, Defendant's programs and activities based on Plaintiff's race." Compl. ¶ 142, 165-67. However, Plaintiff fails to state any facts showing the denial of benefits and discrimination was based on Plaintiff's race (i.e. any facts Defendants were "engaging in racial discrimination") as required to state a claim. See Fobbs, 29 F.3d at 1447; see also Joseph v. Boise State Univ., 667 F. App'x 241 (9th Cir. 2016) (affirming dismissal because plaintiff failed to allege facts sufficient to show any defendant discriminated against her on the basis of her race or national origin, or retaliated against her); Fleming v. City of Oceanside, No. 10CV1090-LAB BLM, 2010 WL 5148469, at *2 (S.D. Cal. Dec. 14, 2010) ("[O]nly facts . . . that he is white and that he was not promoted . . . . do not 'raise a right to relief above the speculative level.'" (quoting Twombly, 550 U.S. at 555)). Therefore, Plaintiff fails to state a claim under 42 U.S.C. § 2000d. Accordingly, Plaintiff's claim under 42 U.S.C. § 2000d must be dismissed.

### E.   PLAINTIFF HAS NO PRIVATE CAUSE OF ACTION UNDER TITLE IV

### (1) Applicable Law

In determining a right to file a civil claim, "[t]he central inquiry remains whether Congress intended to create, either expressly or by implication, a private cause of action." Touche Ross & Co. v. Redington, 442 U.S. 560, 575, 99 S. Ct. 2479, 61 L. Ed. 2d 82 (1979). The Supreme Court established the following three factors to determine whether a particular statute gives rise to a federal right: (1) "Congress must have intended that the provision in question benefit the plaintiff"; (2) "the plaintiff must demonstrate that the right assertedly protected by the statute is not so 'vague and amorphous' that its enforcement would strain judicial

16

competence"; and (3) "the statute must unambiguously impose a binding obligation on the States." Id. at 340-41.

Pursuant to Section 17520(b) of the California Family Code, DCSS maintains a list of persons included in a case being enforced under Title IV-D of the federal Social Security Act, 42 U.S.C. § 651 et seq. Cal. Fam. Code § 17520(b); see also 42 U.S.C. § 651 et seq. "Title IV–D [42 U.S.C. §§ 651-669b] contains no private remedy—either judicial or administrative—through which aggrieved persons can seek redress." Blessing v. Freestone, 520 U.S. 329, 331, 117 S. Ct. 1353, 137 L. Ed. 2d 569 (1997). "Title IV-D does not give individuals a federal right to force a state agency [charged with providing child support services] to comply with Title IV–D." Id. at 332. "[T]he requirement that a State operate its child support program in 'substantial compliance' with Title IV–D was not intended to benefit individual children and custodial parents [but rather children in the state as a whole], and therefore, it does not constitute a federal right." Id. at 333; see also id. at 343-44 ("[T]he standard . . . . must look to the aggregate services provided by the State, not to whether the needs of any particular person have been satisfied. . . . [and] [a]s such, it does not give rise to individual rights.").

### (2) Analysis

Here, Plaintiff alleges three claims under the federal requirements of statutorily prescribed procedures under Title IV-D to improve the effectiveness of child support enforcement, specifically 42 U.S.C. § 629a(a)(2)(B), 42 U.S.C. § 666(a)(7)(B), and 42 U.S.C. § 666(a)(10). Compl. 30-37, ¶¶ 170-202. However, there is no private cause of action authorized by any of the statutes in Plaintiff's Complaint. See Blessing, 520 U.S. at 331-32. Further, even if Plaintiff brought these claims under Section 1983, Plaintiff "must assert the violation of a federal

*right* not merely a violation of a federal *law*."[7]  Id. at 340 (emphases in original). Plaintiff cites to federal law but fails to allege a federal right.

Therefore, Plaintiff fails to state a private cause of action under Title IV. Accordingly, the claim must be dismissed.

## F.  PLAINTIFF HAS NO PRIVATE CAUSE OF ACTION FOR MAIL FRAUD

### (1)  Applicable Law

Mail fraud is a federal criminal offense under 18 U.S.C. § 1342, and there is no separate private right of action for mail fraud.  Wilcox v. First Interstate Bank of Or., 815 F.2d 522, 533 n.1 (9th Cir. 1987) ("Other than in the context of RICO, federal appellate courts hold that there is no private right of action for mail fraud under 18 U.S.C. § 1341.").

### (2)  Analysis

Here, Plaintiff alleges mail fraud under 18 U.S.C. § 1341 against Defendants. Compl. at 39-40.  Plaintiff claims Defendants "repeatedly executed" "fraudulent schemes against Plaintiff by placing" "fraudulent correspondence in the Post Office, and caused it to be sent or delivered by the Postal Service."  Id. ¶ 213. However, a federal mail fraud does not serve as a source of any substantive federal right to file a civil action.  Wilcox, 815 F.2d at 533 n.1; see also Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam) (stating criminal statutes do not provide basis for civil liability).

Therefore, Plaintiff's mail fraud claim is not a separate actionable civil claim. Accordingly, the claim must be dismissed.

///

///

---

[7]   "In order to seek redress through § 1983 . . . a plaintiff must assert the violation of a federal *right*, not merely a violation of federal *law*."  Blessing, 520 U.S. at 340 (emphases in original).

18

**G.    PLAINTIFF FAILS TO STATE A RICO CLAIM AGAINST DEFENDANTS**

### (1)    Applicable Law

The Racketeer Influenced and Corrupt Organizations Act ("RICO") "provides a private cause of action for '[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter.'" <u>Hemi Grp., LLC v. City of N.Y.</u>, 559 U.S. 1, 6, 130 S. Ct. 983, 987, 175 L. Ed. 2d 943 (2010) (quoting 18 U.S.C. § 1964(c)).  To state a RICO claim pursuant to 18 U.S.C. § 1964(c), plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.  <u>Sedima, S.P.R.L. v. Imrex Co.,</u> 473 U.S. 479, 496 (1985); <u>Miller v. Yokohama Tire Corp.,</u> 358 F.3d 616, 620 (9th Cir. 2004).

"'Racketeering activity' is defined in 18 U.S.C. § 1961(1)(B) as including any act 'indictable' under certain enumerated federal criminal statutes, including 18 U.S.C. § 1341, which makes mail fraud a criminal offense . . . ." <u>Yokohama</u>, 358 F.3d at 620 (quoting <u>Schreiber Distrib. Co. v. Serv–Well Furniture Co., Inc.</u>, 806 F.2d 1393, 1399 (9th Cir. 1986)); <u>see also</u> <u>Anza</u>, 547 U.S. at 453 ("Mail fraud . . . [is a] form[] of 'racketeering activity' for purposes of RICO." (citing 18 U.S.C. § 1961(1)(B)).  Federal Rule of Civil Procedure 9(b) requires a pleader of fraud to detail with "particularity" the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme.  Fed. R. Civ. P. 9(b); <u>Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.</u>, 940 F.2d 397, 405 (9th Cir. 1991).  The particularity requirements of Rule 9(b) apply to RICO claims alleging the predicate act of mail fraud.  <u>Alan Neuman Prods., Inc. v. Albright</u>, 862 F.2d 1388, 1392-93 (9th Cir. 1988).

To satisfy the racketeering activity element, "the plaintiff is required to show that a RICO predicate offense 'not only was a "but for" cause of his injury, but was the proximate cause as well.'"  <u>Hemi Grp.</u>, 559 U.S. at 9 (quoting <u>Holmes v. Secs. Inv'r Protect. Corp.,</u> 503 U.S. 258, 268, 112 S. Ct. 1311, 117 L. Ed. 2d 532

(1992)); see also Anza v. Ideal Steel Supply Corp., 547 U.S. 451, 453, 126 S. Ct. 1991, 1994, 164 L. Ed. 2d 720 (2006).  Proximate cause requires "'some direct relation between the injury asserted and the injurious conduct alleged.' A link that is 'too remote,' 'purely contingent,' or 'indirec[t]' is insufficient." Hemi Grp., 559 U.S. at 9 (citation omitted).

**(2)  Analysis**

Here, liberally construed, Plaintiff alleges RICO violations under 18 U.S.C. §§ 1961-1968 against Defendants.  Compl. at 40-41.  However, Plaintiff fails to state a RICO claim because (1) he does not establish the "racketeering activity" element of mail fraud as a predicate offensive, and (2) he does not establish causation.

First, while mail fraud is included in the enumerated federal criminal statutes for racketeering activity, Plaintiff has not produced sufficient facts to support a claim of mail fraud.  Plaintiff generally and conclusorily states that because Defendants are "liable for mail fraud," "[t]herefore, Defendant[s] [are] also in violation of" RICO.  Id. ¶ 218.  Plaintiff implies there were "repeated[]" mailings where Defendants "executed" "fraudulent schemes against Plaintiff by placing . . . fraudulent correspondence" in the mail.  Id. ¶ 213.  However, Plaintiff does not provide the facts as required under Rule 9(b).  Specifically, Plaintiff fails to state with particularity the time, place, and specific content of each act of mail fraud, in addition to the role of each defendant in mail fraud.  See Moore v. Kayport Package Express, Inc., 885 F.2d 531, 541 (9th Cir. 1989) (affirming dismissal for failure to specify the time, place, and content of the alleged mail fraud).

Second, Plaintiff's allegations of mail fraud do not meet the causation element because the alleged mail fraud is not the "but for" cause nor the proximate cause of Plaintiff's alleged injuries.  See Hemi Grp., 559 U.S. at 9 ("Finding the link between the fraud alleged and injury suffered to be 'attenuated,' [the Supreme Court] rejected [the] claim." (quoting Anza, 547 U.S. 459)).

20

Therefore, Plaintiff fails to meet the predicate offense for the "racketeering activity" element of a RICO claim.  See Rae v. Union Bank, 725 F.2d 478, 480-81 (9th Cir. 1984) (affirming Rule 12(b) dismissal of RICO where plaintiff failed to meet one element).  Accordingly, Plaintiff's RICO claim must be dismissed.

**H.     THE COURT DECLINES TO EXERCISE SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS**

The Court has original jurisdiction solely over Plaintiff's federal law claims, which should be dismissed for the reasons set forth above.  "Where a district court 'dismiss[es] every claim over which it had original jurisdiction,' it retains pure[] discretion[]' in deciding whether to exercise supplemental jurisdiction over the remaining claims."  Lacey v. Maricopa Cty., 649 F.3d 1118, 1137 (9th Cir. 2011) (alterations in original); see also 28 U.S.C. § 1367(c).  Thus, because Plaintiff's federal law claims should be dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.  Accordingly, Plaintiff's state law claims are dismissed for lack of jurisdiction.

**VI.**

**LEAVE TO FILE A FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal.  While the Court is skeptical that Plaintiff can remedy the deficiencies set forth above, the Court will grant Plaintiff leave to amend.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1.     Plaintiff may file a First Amended Complaint to attempt to cure the deficiency discussed above.  **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. <u>Id.</u> Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint. <u>Lacey</u>, 693 F.3d at 928.

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" <u>Ismail v. Cty. of Orange</u>, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012) (quoting <u>DCD Programs, Ltd. v. Leighton</u>, 833 F.2d 183, 186 n.3 (9th Cir. 1987)); <u>see also</u> <u>Ferdik</u>, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

2.      Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a).  **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use.**

Dated:  November 3, 2017

_____
HONORABLE KENLY KIYA KATO
United States Magistrate Judge