UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL KRISTOF LAK, | Case No. SACV 17-1527-PSG (KK) |
| Plaintiff, | |
| v. | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| CALIFORNIA DEPARTMENT OF CHILD SUPPORT SERVICES, et al., | |
| Defendants. | |

## I.

## **INTRODUCTION**

Plaintiff Daniel Kristof Lak ("Plaintiff"), proceeding pro se and in forma pauperis, filed a First Amended Complaint ("FAC") alleging violation of 42 U.S.C. § 1983 as well as various federal and state laws. As discussed below, the Court dismisses the FAC with leave to amend.

## II.

## **PROCEDURAL HISTORY**

On September 5, 2017, Plaintiff filed a Complaint against defendants California Department of Child Support Services ("DCSS"), DCSS County of Orange ("DCSS Orange"), Steven Eldred in his individual and official capacities, and Does 1 through 20. ECF Docket No. ("Dkt.") 1, Compl. at 1. The Complaint

set forth fourteen causes of action, including civil rights claims, violations of Title IV-Part D of the Social Security Act that enforces child support payments, mail fraud, a Racketeer Influenced and Corrupt Organizations Act ("RICO") claim, and state tort claims. Id. at 1-2. After screening the Complaint, the Court dismissed Plaintiff's Complaint with leave to amend. Dkt. 9.

On November 3, 2017, Plaintiff filed the instant FAC against defendants State of California, DCSS, State Disbursement Unit, County of Orange, DCSS Orange, Steven Eldred in his individual and official capacities (collectively, "Defendants"), and Does 1 through 20.[1] Dkt. 10, FAC at 1. The FAC set forth thirteen causes of action. Id. at 1-2. Other than adding defendants and omitting the mail fraud claim, the FAC is largely identical to the Complaint. Id.

Plaintiff again alleges two "Civil Rights" claims for violation of due process pursuant 42 U.S.C. § 1983 ("Section 1983") for not providing notice and opportunity to respond before his California driver's license and California State Bar license were suspended, and racial discrimination pursuant 42 U.S.C. § 2000d (Title VI of the Civil Rights Act of 1964) based on denial of benefits as a "Caucasian male." Id. at 1, 33-34, 52-53.

Plaintiff again alleges three claims under Title IV-Part D of the Social Security Act that enforces child support payments for violations of 42 U.S.C. § 629a(a)(2)(B), 42 U.S.C. § 666(a)(7)(B), and 42 U.S.C. § 666(a)(10). Id. at 1, 56-63.

---

[1] Plaintiff, once again, names Doe defendants in the FAC. However, even as to Doe defendants, a plaintiff must allege sufficient facts to state a claim to survive dismissal on the pleadings. See Wilson v. Fla. Dep't of Revenue, No. 14-CV-04726-JCS, 2015 WL 136557, at *11 (N.D. Cal. Jan. 8, 2015) (recognizing plaintiffs should generally be permitted to pursue discovery to identify Doe defendants but dismissing Doe defendants for failure to state a claim because they were only named in the caption, and the court had "no clue why the John Does are being named as defendants" (citing Lopez v. Bank of Am., 2011 WL 1134671, at *3 (E.D. Cal. Mar. 28, 2011))). Plaintiff again fails to allege any wrongful actions for any specific Doe defendant. Therefore, all claims against Doe defendants are subject to dismissal.

Plaintiff again alleges a federal criminal claim for violations of RICO pursuant to 18 U.S.C. §§ 1961-1968 based on placing "fraudulent correspondence" in the mail over a period of seven years.  Id. at 1, 63-65.

Plaintiff again alleges the following seven state claims: "Fraud" under section 3294 of the California Civil Code; "Defamation" under section 44(a) of the California Civil Code; intentional infliction of emotional distress; malicious prosecution; intentional interference with contractual relations; negligent interference with prospective economic relations; and negligence.  Id. at 1-2, 65-76.

## III.

## FACTUAL ALLEGATIONS

Plaintiff alleges that beginning in May 2010 Defendants continuously and intentionally enforced incorrect child and spousal support orders, despite court orders modifying his amount of support.  Id. ¶¶ 10, 16, 54.  Plaintiff claims Defendants falsely levied Plaintiff's personal checking accounts, and wrongfully took amounts from his Social Security Disability Income on multiple occasions.  Id. ¶¶ 46, 115-16, 126-27.  Plaintiff alleges DCSS denied him benefits on the basis of his status as a Caucasian male.  Id. ¶¶ 156, 161, 254.

In addition, Plaintiff alleges Defendants "continually and arbitrarily suspended" Plaintiff's driver's license and California State Bar ("State Bar") licenses based on incorrect support orders and false information without prior notice or opportunity to be heard.  Id. ¶¶ 1, 57, 66, 70, 82, 92, 119, 141.  Plaintiff alleges each time the Department of Motor Vehicles ("DMV") or State Bar notified him of his licenses' suspensions, Defendants "force[d] Plaintiff to sign an increased support amount in order to get his licenses back."  Id. ¶ 144.  Plaintiff claims his State Bar license was "suspended over 20 times for non-payment of child support" through Defendants' "false[] notif[ications] . . . that Plaintiff [wa]s delinquent on his child support obligations."  Id. ¶¶ 151, 153.

Plaintiff alleges "as recently as October 31, 2017," DCSS "continue[d] to send letters that state father is delinquent on payments and that his license(s) may be suspended at any time 'without notice' and derogatory reporting may occur at any time 'without notice.'" Id. ¶ 19.

As a result of Defendants' wrongful actions, Plaintiff claims he lost his home, car, driver's license, and State Bar license, thereby "preventing him from earning a living" and "result[ing] in Plaintiff becoming homeless, living in the streets, suffering from severe depression, anxiety, and [Post-Traumatic Stress Disorder] PTSD." Id. ¶¶ 10-11, 13-15, 95, 87, 141-42, 155, 236, 266.

Plaintiff seeks actual and compensatory damages, punitive damages, and a protective order preventing Defendant from "further harassing Plaintiff with unjustified collection activity, making any defamatory statements" including, statements of Plaintiff's "alleged support delinquency status" to the DMV, State Bar, various credit reporting agencies, and Plaintiff's future employers "without a finding of substantial justification" before an appointed Special Master. Id. at 76. Plaintiff also seeks an order "directing Defendant to immediately retract and correct any previously made defamatory statements" regarding Plaintiff including, statements made to the DMV, the State Bar, and various credit reporting agencies. Id. ¶ 77. Plaintiff further seeks an order for a "full and comprehensive audit, by a tribunal of competent jurisdiction (i.e., the Department of Justice), of Defendant's policies, procedures, and practices" within the past ten years. Id.

## IV.

## STANDARD OF REVIEW

As Plaintiff is proceeding in forma pauperis, the Court must screen the FAC and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a

5

plaintiff's factual allegations," <u>Neitzke v. Williams</u>, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and the Court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," <u>Ileto v. Glock Inc.</u>, 349 F.3d 1191, 1200 (9th Cir. 2003).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is <u>pro se</u>. <u>Id.</u> at 1130-31; <u>see also</u> <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. <u>Cato</u>, 70 F.3d at 1107-11; <u>see also</u> <u>Moss v. U.S. Secret Serv.</u>, 572 F.3d 962, 972 (9th Cir. 2009).

## V.

## DISCUSSION

### A.     THE ELEVENTH AMENDMENT BARS ALL CLAIMS AGAINST DEFENDANTS THE STATE OF CALIFORNIA, STATE DISBURSEMENT UNIT, AND DCSS

#### 1.     Applicable Law

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." <u>Brooks v. Sulphur Springs Valley Elec. Coop.</u>, 951 F.2d 1050, 1053 (9th Cir. 1991) (citing <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984)). This jurisdictional bar includes "suits naming state agencies and departments as defendants," and it applies whether plaintiffs "seek damages or injunctive relief." <u>Howlett By & Through Howlett v. Rose</u>, 496 U.S. 356, 365, 110 S. Ct. 2430, 110 L. Ed. 2d 332 (1990); <u>Pennhurst State Sch.</u>, 465 U.S. at 102. As to state claims, for

1  sovereign immunity purposes, it is irrelevant whether plaintiff's state law claims to

2  relief are "prospective or retroactive." Id.

3      **2.   Analysis**

4        Here, Plaintiff attempts to sue the State of California,[2] the State

5  Disbursement Unit, and DCSS.  However, the State of California, the State

6  Disbursement Unit, and DCSS are entitled to sovereign immunity under the

7  Eleventh Amendment.  See Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir.

8  1999) ("State of California has not waived its Eleventh Amendment immunity . . .

9  in federal court."); see also Greenlaw v. Cty. of Santa Clara, 125 Fed App'x 809,

10  810 (9th Cir. 2005)[3] ("[T]he California Department of Child Support Services . . .

11  [is] a state agency entitled to sovereign immunity under the Eleventh

12  Amendment." (citing In re Pegasus Gold Corp., 394 F.3d 1189, 1191 (9th Cir.

13  2005))); Consumer Advocates Rights Enf't Soc'y, Inc. (Cares, Inc.) v. California,

14  No. C05-01026 WHA, 2005 WL 3454140, at *3 n.5 (N.D. Cal. Dec. 16, 2005)

15  ("The State disbursement unit shall be operated . . . directly by the State agency . .

16  . .").  Thus, Plaintiff is barred from bringing any claims against the State of

17  California, the State Disbursement Unit, and DCSS.

18  *///*

19

---

20     [2]   Plaintiff relies on In re Lazar, 237 F.3d 967 (9th Cir. 2001) and claims the
State of California "waived" its sovereign immunity because "Plaintiff filed for
21  Chapter 13 bankruptcy protection in the United States District Court, naming
various State agencies as creditors," and the State of California then "filed proof of
22  claims for the same case."  FAC at 10, ¶ 26.  In re Lazar stands for the narrow
proposition that "when a state or an 'arm of the state' files a proof of claim in a
23  bankruptcy proceeding, the state waives its Eleventh Amendment immunity with
regard to the bankruptcy estate's claims that arise from the same transaction or
24  occurrence as the state's claims."  237 F.3d at 978.  However, Plaintiff's claims,
which include due process violations, racial discrimination, and a RICO violation
25  based on mail fraud in this instant case do not arise out of the same transaction or
occurrence as the state's proof of claim in Plaintiff's Chapter 13 bankruptcy case.
26  See id. (applying the "logical relationship" test of Fed. R. Civ. P. 13(a) to
determine whether bankruptcy estate's claim arises out of the same transaction or
27  occurrence as the state's claim).

28     [3]   The Court may cite to unpublished Ninth Circuit opinions issued on or after
January 1, 2007.  U.S. Ct. App. 9th Cir. R. 36-3(b); Fed. R. App. P. 32.1(a).

**B.     PLAINTIFF FAILS TO STATE A DUE PROCESS VIOLATION CLAIM UNDER 42 U.S.C. § 1983**

    **1.     Plaintiff Again Fails to Allege a Violation of Due Process**

        **a.     Applicable Law – Due Process**

A plaintiff seeking to state a claim for civil rights violations under Section 1983 "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

The Due Process Clause of the Fourteenth Amendment protects individuals against deprivations of "life, liberty, or property." U.S. Const. amend. XIV, § 1. "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 162 L. Ed. 2d 174 (2005) (citation omitted).

A procedural due process claim requires plaintiff to establish "two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." Brewster v. Bd. of Educ., 149 F.3d 971, 982 (9th Cir. 1998). With respect to the first element, Plaintiff must specifically identify a liberty interest protected by the Due Process Clause, otherwise his claim shall be dismissed. Nunez v. City of L.A., 147 F.3d 867, 871 (9th Cir. 1998). With respect to the second element, the failure to follow mandatory procedures does not by itself offend the constitution. See Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993). Rather, there must be allegations that the procedures themselves were inadequate to protect a valid liberty interest. See Buckley v. Gomez, 36 F. Supp. 2d 1216, 1222 (S.D. Cal. 1997), aff'd, 168 F.3d 498 (9th Cir. 1999).

///

### b. Analysis – Due Process

Here, Plaintiff again fails to state a Section 1983 claim because Plaintiff does not allege a constitutional violation.  Plaintiff alleges his driver's license and State Bar license were suspended without procedural due process.  Id. at 33-44.  Plaintiff claims "[o]nce issued, the right to possess a driver's license and maintain a professional license are property and liberty interests protected by the due process clause of the Fourteenth Amendment that have been repeatedly protected by the United States Supreme Court."  Id. ¶ 164.  However, as set forth below, neither license constitutes a protected interest.

First, "[t]here is no substantive constitutional right to drive a vehicle." Darkins v. Snowden, No. CV 13-3831-JLS MAN, 2013 WL 5530977, at *7 (C.D. Cal. Oct. 1, 2013), aff'd, 649 F. App'x 492 (9th Cir. 2016)).  States have a paramount interest in highway safety and may suspend or revoke a driver's license without due process.  See Dixon v. Love, 431 U.S. 105, 115 (1977) (holding state statute allowing summary suspension of driver's license was constitutional with availability of a postsuspension hearing).  In addition, Plaintiff does not allege the unavailability of a postdeprivation hearing.

Second, Plaintiff claims he "wrongfully had his California State Bar license suspended on numerous occasions, preventing him from earning a living from the practice of law, [and] has wrongfully had his California driver's license suspended on numerous occasions further preventing Plaintiff from being able to earn a living . . . ."  FAC ¶ 141.  However, "government action that 'affects only economic interests' does not implicate fundamental rights."  Samson v. City of Bainbridge Island, 683 F.3d 1051, 1058 (9th Cir. 2012).

Further, even assuming Plaintiff identified a protected interest, Plaintiff fails to allege a denial of adequate procedural protections.  To the extent Plaintiff might allege deprivation of incorrect amounts of money for his child and spousal support, there are established procedures allowing post-deprivation remedies.  See Cal.

Fam. Code § 17526(c) ("Any party to an action involving child support enforcement services of the local child support agency may request a judicial determination of arrearages."); <u>Banks v. Cty. of Alameda</u>, Case No. 14-CV-00482-WHO, 2014 WL 1651941, at *3–4 (N.D. Cal. Apr. 23, 2014) (dismissing due process claim because California Family Code Section 17526(c) provided adequate post-deprivation remedy for county's allegedly improper determination of child support arrearage).   In addition, Plaintiff fails to allege any inadequacies in the established procedural protections.

Finally, to the extent Plaintiff claims such procedures were not followed, a failure to comply with such a procedure alone does not establish a due process violation.  See <u>Noonan</u>, 992 F.2d at 989; <u>Buckley</u>, 36 F. Supp. 2d at 1222 ("A defendant's negligent or intentional failure to follow proper procedures does not constitute a constitutional deprivation.").  Accordingly, Plaintiff's due process claim under Section 1983 is subject to dismissal.

### 2. Plaintiff Again Fails to State a Section 1983 Claim Against Defendants County of Orange, DCSS Orange, and Eldred in His Official Capacity

#### a. Applicable Law – Official Capacity

An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." <u>Kentucky v. Graham</u>, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); <u>see also</u> <u>Brandon v. Holt</u>, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); <u>Larez v. City of L.A.</u>, 946 F.2d 630, 646 (9th Cir. 1991).  Such a suit "is not a suit against the official personally, for the real party in interest is the entity." <u>Graham</u>, 473 U.S. at 166.

To state a cognizable constitutional claim against a state officer in their official capacity, the plaintiff must demonstrate that a "policy or custom" of the governmental entity of which the official is an agent was the "moving force" behind the constitutional violation. <u>Graham</u>, 473 U.S. at 166.  Because no

respondeat superior liability exists under Section 1983, a municipality is liable only for injuries that arise from an official policy or longstanding custom. Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); see also City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989) ("A municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation.'").

A plaintiff must show "that a [municipal] employee committed the alleged constitutional violation pursuant to a formal governmental policy or a 'longstanding practice or custom which constitutes the "standard operating procedure" of the local governmental entity.'" Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992). Proof of random acts or isolated events is insufficient to establish a custom or practice. Thompson v. City of L.A., 885 F.2d 1439, 1444 (9th Cir. 1989). Rather, a plaintiff must prove widespread, systematic constitutional violations which have become the force of law. Board of Cty. Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 404, 117 S. Ct. 1382, 1388, 137 L. Ed. 2d 626 (1997). In addition, a plaintiff must allege the policy was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

### b. Analysis – Official Capacity

Here, Plaintiff again does not allege any facts showing defendant County of Orange's or defendant DCSS Orange's "policy or custom" was the "moving force" behind any constitutional violation. Graham, 473 U.S. at 166; see also Harris, 489 U.S. 378. In fact, Plaintiff does not identify any "formal governmental policy or a 'longstanding practice or custom'" pursuant to which defendant County of Orange, DCSS Orange, or defendant Eldred acted in his official capacity. Gillette, 979 F.2d at 1346. Plaintiff's conclusory allegations are insufficient for purposes of stating a valid claim. Young v. City of Visalia, 687 F. Supp. 2d 1141, 1150 (E.D. Cal. 2009); see also Iqbal, 556 U.S. at 679. Therefore, Plaintiff fails to

state a constitutional violation claim against County of Orange, DCSS Orange, and defendant Eldred in his official capacity.  Accordingly, Plaintiff's Section 1983 claim against County of Orange, DCSS Orange, and defendant Eldred in his official capacity must be dismissed.

### 3. Plaintiff Again Fails to State a Section 1983 Claim Against Defendant Eldred in His Individual Capacity

#### a. Applicable Law – Individual Capacity

"In order for a person acting under color of state law to be liable under [S]ection 1983 there must be a showing of personal participation in the alleged rights deprivation; there is no respondeat superior liability under [S]ection 1983." Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  A plaintiff must present facts showing individual defendants were directly and personally involved in inflicting the alleged constitutional injury.  See Iqbal, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

#### b. Analysis – Individual Capacity

Here, Plaintiff again sues defendant Eldred in his individual capacity for "acting under color of law."  FAC ¶¶ 7, 212.  However, Plaintiff once again fails to present any facts which would support his allegation that defendant Eldred was directly or personally involved in violating Plaintiff's constitutional rights.  See Iqbal, 556 U.S. at 676; Jones, 297 F.3d at 934; see also Gray v. Hernandez, 651 F. Supp. 2d 1167, 1179 (S.D. Cal. 2009) ("Plaintiff must show [defendant] was personally involved in the constitutional violation, or a significant causal connection between his wrongful conduct and the constitutional violations.").  The FAC does not contain any facts that "plausibl[y]" state and "reasonabl[y] infer[]" defendant Eldred is personally liable.  See Iqbal, 556 U.S. at 676.  Therefore, Plaintiff fails to state a claim against defendant Eldred in his individual capacity.

Accordingly, Plaintiff's Section 1983 claim against defendant Eldred in his individual capacity must be dismissed.

**C.     PLAINTIFF AGAIN FAILS TO STATE A CIVIL RIGHTS CLAIM UNDER 42 U.S.C. § 2000d**

**1.     Applicable Law**

Title VI of the Civil Rights Act of 1964 provides "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. To state a claim for damages under 42 U.S.C. § 2000d, plaintiff must allege that (1) the entity involved is engaging in racial discrimination; and (2) the entity involved is receiving federal financial assistance." <u>Fobbs v. Holy Cross Health Sys. Corp.</u>, 29 F.3d 1439, 1447 (9th Cir. 1994), <u>overruled on other grounds by</u> <u>Daviton v. Columbia/HCA Healthcare Corp.</u>, 241 F.3d 1131 (9th Cir. 2001).

**2.     Analysis**

Here, Plaintiff again fails to state a claim for a violation of Title VI, 42 U.S.C. § 2000d. Plaintiff states California "receives federal funding" and adds "Plaintiff is a Caucasian male and has been denied the benefits of, and has been subjected to discrimination under, Defendant's programs and activities based on Plaintiff's race." FAC at 53. However, Plaintiff fails to state any facts showing the denial of benefits and discrimination was based on Plaintiff's race (i.e. any facts suggesting Defendants acted with any discriminatory animus or were "engaging in racial discrimination") as required to state a claim. See <u>Fobbs</u>, 29 F.3d at 1447; <u>see also</u> <u>Joseph v. Boise State Univ.</u>, 667 F. App'x 241 (9th Cir. 2016) (affirming dismissal because plaintiff failed to allege facts sufficient to show any defendant discriminated against her on the basis of her race or national origin, or retaliated against her); <u>Fleming v. City of Oceanside</u>, No. 10CV1090-LAB BLM, 2010 WL 5148469, at *2 (S.D. Cal. Dec. 14, 2010) ("[O]nly facts . . . that he is white and that

he was not promoted . . . . do not 'raise a right to relief above the speculative level.'" (quoting Twombly, 550 U.S. at 555)).  Therefore, Plaintiff fails to state a claim under 42 U.S.C. § 2000d.  Accordingly, Plaintiff's claim under 42 U.S.C. § 2000d must be dismissed.

**D.     PLAINTIFF HAS NO PRIVATE CAUSE OF ACTION UNDER TITLE IV**

### 1.     Applicable Law

In determining a right to file a civil claim, "[t]he central inquiry remains whether Congress intended to create, either expressly or by implication, a private cause of action."  Touche Ross & Co. v. Redington, 442 U.S. 560, 575, 99 S. Ct. 2479, 61 L. Ed. 2d 82 (1979).  The Supreme Court established the following three factors to determine whether a particular statute gives rise to a federal right: (1) "Congress must have intended that the provision in question benefit the plaintiff"; (2) "the plaintiff must demonstrate that the right assertedly protected by the statute is not so 'vague and amorphous' that its enforcement would strain judicial competence"; and (3) "the statute must unambiguously impose a binding obligation on the States."  Id. at 340-41.

Pursuant to Section 17520(b) of the California Family Code, DCSS maintains a list of persons included in a case being enforced under Title IV–D of the federal Social Security Act, 42 U.S.C. § 651 et seq.  Cal. Fam. Code § 17520(b); see also 42 U.S.C. § 651 et seq.  "Title IV–D [42 U.S.C. §§ 651-669b] contains no private remedy—either judicial or administrative—through which aggrieved persons can seek redress."  Blessing v. Freestone, 520 U.S. 329, 331, 117 S. Ct. 1353, 137 L. Ed. 2d 569 (1997).  "Title IV–D does not give individuals a federal right to force a state agency [charged with providing child support services] to comply with Title IV–D."  Id. at 332.  "[T]he requirement that a State operate its child support program in 'substantial compliance' with Title IV–D was not intended to benefit individual children and custodial parents [but rather children in the state as

a whole], and therefore, it does not constitute a federal right." <u>Id.</u> at 333; <u>see also</u> <u>id.</u> at 343-44 ("[T]he standard . . . . must look to the aggregate services provided by the State, not to whether the needs of any particular person have been satisfied. . . . [and] [a]s such, it does not give rise to individual rights.").

### 2. Analysis

Here, Plaintiff again alleges three claims under the federal requirements of statutorily prescribed procedures under Title IV-D to improve the effectiveness of child support enforcement, specifically 42 U.S.C. § 629a(a)(2)(B), 42 U.S.C. § 666(a)(7)(B), and 42 U.S.C. § 666(a)(10). FAC 56-63. However, as the Court previously advised, there is no private cause of action authorized by any of the statutes in Plaintiff's FAC.[4] <u>See</u> <u>Blessing</u>, 520 U.S. at 331-32, 343 ("Title IV-D was not intended to benefit individual children and custodial parents, and therefore it does not constitute a federal right."); <u>see also</u> <u>Cares, Inc.</u>, 2005 WL 3454140, at *3 ("Accordingly, Title IV-D does not provide plaintiffs with enforceable personal rights."). Therefore, Plaintiff fails to state private causes of action under Title IV. Accordingly, the claims must be dismissed.

## E. PLAINTIFF AGAIN FAILS TO STATE A RICO CLAIM AGAINST DEFENDANTS

### 1. Applicable Law

The Racketeer Influenced and Corrupt Organizations Act ("RICO") "provides a private cause of action for '[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter.'" <u>Hemi Grp., LLC v. City of N.Y.</u>, 559 U.S. 1, 6, 130 S. Ct. 983, 987, 175 L. Ed. 2d 943 (2010)

---

[4]    In the FAC, Plaintiff cites to a sentence in <u>Blessing</u> that states "We do not foreclose the possibility that some provisions of Title IV-D give rise to individual rights." FAC at 55; <u>see</u> <u>Blessing</u>, 520 U.S. at 345. However, Plaintiff does not cite to any authority supporting a private cause of action under Title IV-D. In fact, the statutory purpose found in 42 U.S.C. § 601 explicitly states that the Title IV-D provisions shall not be interpreted to provide entitlement to "any individual or family." 42 U.S.C. § 601(b).

(quoting 18 U.S.C. § 1964(c)).  To state a RICO claim pursuant to 18 U.S.C. § 1964(c), plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.  Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985); Miller v. Yokohama Tire Corp., 358 F.3d 616, 620 (9th Cir. 2004).

"'Racketeering activity' is defined in 18 U.S.C. § 1961(1)(B) as including any act 'indictable' under certain enumerated federal criminal statutes, including 18 U.S.C. § 1341, which makes mail fraud a criminal offense . . . ."  Yokohama, 358 F.3d at 620 (quoting Schreiber Distrib. Co. v. Serv–Well Furniture Co., Inc., 806 F.2d 1393, 1399 (9th Cir. 1986)); see also Anza, 547 U.S. at 453 ("Mail fraud . . . [is a] form[] of 'racketeering activity' for purposes of RICO." (citing 18 U.S.C. § 1961(1)(B)).  Federal Rule of Civil Procedure 9(b) requires a pleader of fraud to detail with "particularity" the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme.  Fed. R. Civ. P. 9(b); Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist., 940 F.2d 397, 405 (9th Cir. 1991).  The particularity requirements of Rule 9(b) apply to RICO claims alleging the predicate act of mail fraud.  Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392-93 (9th Cir. 1988).

To satisfy the racketeering activity element, "the plaintiff is required to show that a RICO predicate offense 'not only was a "but for" cause of his injury, but was the proximate cause as well.'"  Hemi Grp., 559 U.S. at 9 (quoting Holmes v. Secs. Inv'r Protect. Corp., 503 U.S. 258, 268, 112 S. Ct. 1311, 117 L. Ed. 2d 532 (1992)); see also Anza v. Ideal Steel Supply Corp., 547 U.S. 451, 453, 126 S. Ct. 1991, 1994, 164 L. Ed. 2d 720 (2006).  Proximate cause requires "'some direct relation between the injury asserted and the injurious conduct alleged.' A link that is 'too remote,' 'purely contingent,' or 'indirec[t]' is insufficient."  Hemi Grp., 559 U.S. at 9 (citation omitted).

///

///

16

### 2.    Analysis

Here, Plaintiff alleges RICO violations under 18 U.S.C. §§ 1961-1968 against Defendants.  FAC at 63-65.  However, Plaintiff again fails to state a RICO claim because (1) he does not establish the "racketeering activity" element of mail fraud as a predicate offensive, and (2) he does not establish causation.

First, while mail fraud is included in the enumerated federal criminal statutes for racketeering activity, Plaintiff has not produced sufficient facts to support a claim of mail fraud.  Plaintiff generally and conclusorily states that because Defendants are "liable for mail fraud," "[t]herefore, Defendant[s] [are] also in violation of" RICO.  FAC ¶ 300.  Plaintiff appears to claim he meets to particularity requirement of alleging fraud because he states the "particular time, place, and manner of these RICO violative [sic] mailings were via the United States Post Office, over a period of time ranging from May of 2010 to October 31, 2017." Id. ¶ 299.  However, Plaintiff again fails to state with particularity the specific content of each "fraudulent correspondence," in addition to the role of each defendant in mail fraud.  See Moore v. Kayport Package Express, Inc., 885 F.2d 531, 541 (9th Cir. 1989) (affirming dismissal for failure to state with particularity the alleged mail fraud).

Second, Plaintiff's allegations of mail fraud do not meet the causation element because the alleged mail fraud is not the "but for" cause nor the proximate cause of Plaintiff's alleged injuries.  See Hemi Grp., 559 U.S. at 9 ("Finding the link between the fraud alleged and injury suffered to be 'attenuated,' [the Supreme Court] rejected [the] claim." (quoting Anza, 547 U.S. 459)).  Specifically, any alleged mail fraud was not the "but for" cause of the alleged deprivation of Plaintiff's driver's license and State Bar license.

Therefore, Plaintiff fails to meet the predicate offense for the "racketeering activity" element of a RICO claim.  See Rae v. Union Bank, 725 F.2d 478, 480-81

(9th Cir. 1984) (affirming Rule 12(b) dismissal of RICO where plaintiff failed to meet one element).  Accordingly, Plaintiff's RICO claim must be dismissed.

**F.  PLAINTIFF FAILS TO COMPLY WITH THE PLEADING REQUIREMENTS OF RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**1.  Applicable Law**

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(a), (d).  "[T]he 'short and plain statement' must provide the defendant with 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'"  <u>Dura Pharms., Inc. v. Broudo</u>, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005).

A complaint may be dismissed for violating Rule 8 even if "a few possible claims" can be identified and the complaint is not "wholly without merit."  <u>McHenry v. Renne</u>, 84 F.3d 1172, 1179 (9th Cir. 1996) (stating Rule 8's requirements apply "to good claims as well as bad"); <u>see also</u> <u>Cafasso v. Gen. Dynamics C4 Sys., Inc.</u>, 637 F.3d 1047, 1059 (9th Cir. 2011) (discussing cases Ninth Circuit affirmed Rule 8 dismissals); <u>Hearns v. San Bernardino Police Dep't</u>, 530 F.3d 1124, 1130-31 (9th Cir. 2008) (same).

As the Supreme Court has held, Rule 8(a) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief."  <u>See</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 n.3, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  Plaintiff's complaint must contain enough facts to "state a claim to relief that is plausible on its face," allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Iqbal</u>, 556 U.S. at 678.

///

///

18

### 2.    Analysis

With respect to any claim, Plaintiff has not given each defendant fair notice as to how it is liable for every claim.  See Starr, 652 F.3d at 1216 ("[T]he allegations . . . must give fair notice and . . . enable the opposing party to defend itself effectively.").

Here, rather than presenting facts linking any particular defendant to specific claims, Plaintiff refers to all defendants collectively for each claim.  See FAC 52, 54, 56, 58, 60, 63, 65, 67, 69-71, 73, 75.  Plaintiff's FAC does not contain facts that "plausibl[y]" state and "reasonabl[y] infer[]" each defendant is liable.  See Iqbal, 556 U.S. at 676.  Absent *specific* allegations identifying what actions *each* defendant took against Plaintiff and how such action violated Plaintiff's rights, the FAC fails to provide Defendants with fair notice of Plaintiff's claims or the grounds upon which they rest.  See Starr, 652 F.3d at 1216.

Accordingly, the FAC fails to comply with Rule 8.  If Plaintiff chooses to amend the FAC, Plaintiff must identify specific defendants for each claim, instead of referring to all defendants collectively for each claim.  Plaintiff should clearly state (1) the alleged harm; (2) who caused the alleged harm; (3) when the alleged harm was committed; and (4) what actions were committed by each alleged wrongdoer.

## G.    THE COURT DECLINES TO EXERCISE SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS

The Court has original jurisdiction solely over Plaintiff's federal law claims, which should be dismissed for the reasons set forth above.  "Where a district court 'dismiss[es] every claim over which it had original jurisdiction,' it retains pure[] discretion[]' in deciding whether to exercise supplemental jurisdiction over the remaining claims."  Lacey v. Maricopa Cty., 649 F.3d 1118, 1137 (9th Cir. 2011) (alterations in original); see also 28 U.S.C. § 1367(c).  Thus, because Plaintiff's federal law claims should be dismissed, the Court declines to exercise supplemental

jurisdiction over Plaintiff's state law claims. Accordingly, Plaintiff's state law claims are dismissed for lack of jurisdiction.

## VI.

## **<u>LEAVE TO FILE A SECOND AMENDED COMPLAINT</u>**

For the foregoing reasons, the Complaint is subject to dismissal. While the Court is skeptical that Plaintiff can remedy the deficiencies set forth above, the Court will grant Plaintiff leave to amend. <u>See</u> <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1.      Plaintiff may file a Second Amended Complaint to attempt to cure the deficiency discussed above. **<u>The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the Second Amended Complaint, which the Court encourages Plaintiff to use.</u>**

If Plaintiff chooses to file a Second Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the First Amended Complaint. In addition, the Second Amended Complaint must be complete without reference to the Complaint, First Amended Complaint, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. <u>Id.</u> Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the Second Amended Complaint. <u>Lacey</u>, 693 F.3d at 928.

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a Second Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. Cty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012) (quoting DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 n.3 (9th Cir. 1987)); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a Second Amended Complaint with claims on which relief cannot be granted, the Second Amended Complaint will be dismissed without leave to amend and with prejudice.**

**Plaintiff is explicitly cautioned that failure to timely file a Second Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use.**

Dated: December 21, 2017

_____
HONORABLE KENLY KIYA KATO
United States Magistrate Judge